IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Josia Strong, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:22-cv-1413-BHH |
| v. ) | |
| ) | |
| Mobil Crisis, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff's pro se complaint brought pursuant to 42 U.S.C. § 1983. On February 16, 2023, Defendants filed a motion to dismiss, or in the alternative, for summary judgment. (ECF No. 20.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On February 16, 2023, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4 th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to respond adequately to the motion. (ECF No. 21.) Despite this notice, Plaintiff failed to respond. On March 24, 2023, the Magistrate Judge entered an order extending the deadline for Plaintiff to respond to April 10, 2023, and specifically advising Plaintiff that a failure to respond may result in the dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 23.) Despite this warning, Plaintiff still has not responded to Defendant's motion.

Therefore, on April 17, 2023, the Magistrate Judge issued a report and recommendation ("Report") outlining the issues and recommending that the Court dismiss this action for failure to prosecute and for failure to comply with the Court's orders, in

accordance with *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and analysis. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 25) and incorporates it herein, and the Court dismisses this action with prejudice for lack of prosecution and for failure to comply with the Court's orders, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler*, 669

F.2d 919.

    **IT IS SO ORDERED.**

                                            /s/Bruce H. Hendricks
                                            United States District Judge

May 10, 2023
Charleston, South Carolina